Minshall, J.
Messenger was indicted at the April term, 1900, of the common pleas of Wyandot county on the charge that on the 10th day of February, 1900,. at the county aforesaid, he “did unlawfully and knowingly, transport over the free and gravel and macad *399 amized roads of said county of Wyandot in a vehicle having a tire of three inches and no more, a burden of 7170 pounds, contrary to the statutes of the state of Ohio and the regulation of the county commissioners of Wyandot county, prescribed and made in pursuance and authority of such statutes, which regulation is as follows: “It shall be unlawful to transport over the gravel and macadamized roads in Wyandot county, Ohio, in any vehicle having a tire of three inches in width, a burden of more than three thousand and five hundred pounds; and on any vehicle having a tire of four inches in width, a burden of more than seven thousand pounds, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Ohio.”
To this indictment the defendant demurred on the ground that the facts therein stated do not constitute an offense against the laws of the state. The demurrer was sustained and the prosecuting attorney excepted. The object of this proceeding is to test the accuracy of the ruling.
The indictment was framed upon the provisions of section 4904, Revised Statutes, which, so far as applicable to the question raised, reads as follows:
“It shall be unlawful for any person or persons, firm or corporation, in any county having free or toll macadamized, graveled or stone roads, to transport over such roads, in any vehicle having a tire of less than three inches in Avidth, a burden of more than two thousand pounds. The county commissioners of every county shall constitute a board of directors for their respective counties, with poAver to prescribe the increased weight in quantity greater than two thousand pounds that may be carried in vehicles having a width of tire three inches or upwards, and cause *400 such regulations to be recorded in their journal. All persons violating this act or any regulations duly prescribed by the aforesaid board of county commissioners made in pursuance hereof, shall be guilty of a misdemeanor.”
The principal objection raised is, that this section confers legislative power upon the commissioners, and is therefore unconstitutional. But, before considering this, we will notice an objection that relates to the definiteness of the indictment. The objection is to the averment that the inhibited burden was transported “in a vehicle having a tire of three inches and no more,” and the claim is that, for aught that appears, this may mean three inches in thickness or three inches in circumference. This is an objection that, if available at all, should have been taken on a motion to quash, and not by demurrer, if by any fair intendment, it can be construed to refer to the width of the tire. A motion to quash is, under our code of criminal procedure, the appropriate method of raising an objection to the indefiniteness of the averments of an indictment, and is waived by demurring to it. Section 7253, Revised Statutes. Where a motion to quash is sustained the party may be held to plead to a new indictment in which the error in the former one has been corrected. But on the sustaining of a demurrer, the defendant is entitled to his discharge; for a court cannot assume that he is guilty of an offense not charged. Now it will be observed that the statute relates to the width of tires and the burthen that may be carried thereon, and in no way concerns their thickness or circumference, and the indictment concludes with the usual averment, contrary to the statutes in such cases made and provided, which could not be true if the averment, to which objection is *401 taken for its uncertainty, did not relate to the width of the tire. By common acceptance a three inch tire is understood to mean a tire three inches in width. It was then certain to a common intent, and therefore sufficient on demurrer.
We are clearly of the opinion that the statute is not unconstitutional; in other words, it does not confer legislative power on the commissioners. By reference to the statute it will be observed that the burden that may be transported in any county over its improved roads, in a vehicle having a tire of less than three inches, is limited to 2000 pounds; and power is then conferred on the commissioners to prescribe the increased weight that may be carried in vehicles “hav-, ing a width of tire three inches or upward.” It will thus be observed that the commissioners do not prohibit any one from transporting a greater weight than is fixed by them in any case, nor do they fix a penalty for so doing. This is done by the statute. It is the statute that prohibits the transporting of a greater weight than is fixed by them, and it is the statute that imposes the penalty on any one for so doing. The commissioners in the exercise of an administrative function conferred on them by the legislature, simply determine the increased weight that may be transported in vehicles having a tire of three inches or upwards. When this has been done by them, the law prohibits the carrying of burdens in excess of the weight so fixed, and adds a penalty for its violation. The regulations of the commissioners without the provisions of the law would be of no effect whatever. Nothing, inlaw, would be prohibited, and no penalty would be incurred by anyone in disregarding the regulations of- thn commissioners. It seems then clear *402 that the commissioners of the county, in acting under this statute, do not act in a legislative capacity. The penalty that is imposed for the violation of a law is a part of its very essence. Take away the penalty, or the sanction of the law, and it is no law. All analytical writers are agreed on this. The commissioners only determine the facts on which the law is to operate; and as said by Agnew, J., in Locke’s Appeal, 72 Penn. St., 491: “The legislature cannot delegate its power to make a law; but it can make a law to delegate power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.” Gordon v. State, 46 Ohio St., 607; Railroad Co. v. Commissioners, 1 Id., 77.
There is certainly much propriety in this statute. The burdens that may prudently be transported on vehicles of a certain width of tire must be largely relative to the character of the country, its business and the kind of material employed in roadmaking. Such contingencies cannot be adequately provided for in detail by a statute applicable alike to all parts of the state, and are therefore wisely left to be determined by the commissioners of the several counties. Under the statute the power conferred is administrative rather than legislative. In Elliott on Streets and Roads, where the subject has been treated with much learning and ability, it is said by the author, “It is quite well settled that purely and strictly legislative powers cannot be delegated. It is not, however, always easy to determine Avhat powers are strictly and purely legislative in such a sense as to be incapable of delegation. The authorities are well agreed, however, that jurisdiction and power oyer public ways may be conferred upon local governmental agencies.” *403 Elliott on Streets and Roads, sec. 424. And in the following section it is said, that “The legislature may-grant to local governmental agencies very broad and comprehensive authority. It has, indeed, been said that they may be endowed with ‘legislative sovereignty.’ But, as we believe, it is not quite accurate to say that public corporations may be invested with sovereign power, although it is unquestionably true that they may be invested Avith powers in their nature legislative and sovereign. The authorities are in substantial harmony upon the proposition that the legislature may invest local bodies with exclusive jurisdiction over the public ways of the locality, but it can hardly be said that such bodies can be invested with sovereign powers.”
Counsel have commented on the supposed inconvenience that may result from a diversity of regulations on the subject in the different counties of the state. There may be some inconvenience to individuals in conforming to such regulations. But this must be so where any matter is regulated. The question, however, in such cases, is not whether no inconvenience will result to anyone, but whether the inconvenience is greater than any good that may result from a regulation. This is a matter for the legislature, and we must assume, was rightly determined by it.

Exceptions sustained.